UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN KAYE WINKELSPECHT,

      Plaintiff,

  v.                                      Case No. 10-C-1072

GUSTAVE A. LARSON COMPANY,
UNUM LIFE INSURANCE COMPANY
OF AMERICA, and GUSTAVE A. LARSON
CO. PLAN,

      Defendants.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
ON BREACH OF FIDUCIARY CLAIM**

On March 8, 2012, this Court issued a Decision and Order granting Plaintiff Susan Kaye Winkelspecht's Motion for Summary Judgment as to her estoppel claim against Defendants Gustave A. Larson Company (GALCO) and the Gustave A. Larson Co. Plan (the Plan). (ECF No. 57.) The Court further determined that GALCO and the Plan had breached their fiduciary duty to Ms. Winkelspecht's late husband, Harry Winkelspecht. (*Id.*) However, from the briefing on these issues it was unclear what relief, if any, Plaintiff is entitled to as a result of the breach. At a status conference on March 16, 2012, this Court ordered supplemental briefing on this issue and Plaintiff filed a motion to supplement the judgment on April 4, 2012. (ECF No. 59.) The supplemental briefing is now complete, and I conclude that in addition to summary judgment on her estoppel claim, Plaintiff is entitled in the alternative to summary judgment on her claim for breach of fiduciary duty.

**DISCUSSION**

Plaintiff contends she is entitled to "appropriate equitable relief" in the form of a make-whole monetary recovery. Defendants contend, however, that Plaintiff waived her right to remedy under ERISA § 502(a)(3) because she did not specifically cite 29 U.S.C. § 1132(a)(3) in her amended complaint. Defendants thus posit that Plaintiff's claim must rely exclusively on §502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which does not authorize the relief sought. This threshold issue of waiver will be addressed first.

Fed. R. Civ. P. 8 governs the pleading of complaints. It departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *McDonald v. Household International, Inc.*, 425 F.3d 424 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992). Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. *See Doe v. Smith*, 429 F.3d 706, 707 (7th Cir. 2005). Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial. *See, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957).

Section 1132(a)(3) states that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or

2

Case 1:10-cv-01072-WCG   Filed 06/01/12   Page 2 of 6   Document 63

(ii) to enforce any provisions of this subchapter or the terms of the plan." Here, in the Amended Complaint (ECF No. 15), the separate subheading "Count II — Breach of Fiduciary Duty" and the content of Paragraphs 57–70 and 87 make clear that a claim for relief based on § 1132(a)(3) is being made, even though the direct citation is not included. The specific statements flesh out the claims and relief sought such that Defendants had adequate notice of the relief sought under the breach of fiduciary duty claim. The direct citation to § 1132(a)(1)(b) does not change this calculus; the reference is nothing more than a general "Nature of Action" statement. Furthermore, a direct citation to § 1132(a)(1)(b) does not exclude relief sought under other grounds; pleadings do not exist in a zero-sum world in which relief sought under one part of a statute necessarily per se excludes relief sought on additional bases. Defendants' argument on this ground thus fails.

Having addressed this threshold issue, I now turn to the issue of what (if any) relief Plaintiff is entitled to under her breach of fiduciary duty theory. Section 502(a)(3) allows a participant, beneficiary, or fiduciary to sue "to enjoin any act or practice which violates" ERISA or "to obtain other appropriate equitable relief . . . to redress such violations." That provision is designed as a "catchall" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). "Appropriate equitable relief" has been interpreted as referring to those "categories of relief" that traditionally speaking "were typically available in equity." *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 361 (2006) (citations omitted).

The Supreme Court attempted to bring further clarity to this area in its 2011 decision *CIGNA Corp. v. Amara*. 563 U.S. \_\_\_, 131 S.Ct. 1866 (2011). In *Amara*, plan participants sought to be made whole for harm caused when they received misleading and false information with regard to

3

the conversion of their defined benefit plan to a "cash balance" plan. *Amara*, 131 S.Ct. at 1872–74. The Supreme Court held that § 502(a)(1)(B), which authorizes participants to bring claims to recover plan benefits, does not give the courts authority to reform the plan and make good on promises communicated to participants in summaries of the plan (but not in the plan itself). *Id.* at 1876–78. However, the Court held that another section, § 502(a)(3), provided a broad range of equitable remedies for such fiduciary misconduct, including make-whole relief and plan reformation. *Id.* at 1879 (quoting R. Francis, MAXIMS OF EQUITY 29 (1st Am. ed. 1823)). The Court distinguished its previous cases denying a loss remedy under § 502(a)(3) because they involved non-fiduciaries (whereas CIGNA was a fiduciary). *Id.* at 1880 ("insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference"). Because *Amara* involved "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of the trust[,] it was the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law." *Id.*

In other words, after *Amara*, the appropriate inquiry is whether the 502(a)(3) action for fiduciary breach is "the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law" and if so whether the relief sought resembles "traditional equitable remedies." *Id.* at 1879–80. The Court thus concluded that under § 502(a)(3), ERISA fiduciaries that have breached their fiduciary duty are subject to the make-whole remedy of surcharge (monetary reimbursement for losses caused by a breaching fiduciary) as well as remedies in the nature of injunctive relief such as reinstatement, plan reformation, and equitable estoppel.

4

As previously established by this Court, here there is a clear breach of fiduciary duty by GALCO and the Plan. (ECF No. 57.) Defendants contend, nonetheless, that the relief available under § 1132(a)(3) is unnecessary and irrelevant. They point to precedent which indicates that the statute authorizes "'*appropriate*' equitable relief. . . . Thus we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case, such relief normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515 (citations omitted). Defendants contend the relief Plaintiff seeks for the breach of fiduciary duty is duplicative of the relief she already received as a remedy for her estoppel claim. But Defendants miss the mark. The Court determined Plaintiff established the elements of her claims both for equitable estoppel and for the breach of fiduciary duty. Double recovery, of course, will not be allowed, but this does not mean plaintiff is not entitled to similar, make-whole relief on her claim of the breach of fiduciary duty, should she not be allowed to proceed on appeal with her claim for equitable estoppel.

Finally, Defendants suggest that even if reliance on § 1132(a)(3) was necessary to fill some remedial gap "plan reformation would not be an appropriate equitable remedy in this case." (ECF No. 61 at 7.) But Plaintiff has not proposed plan reformation as the equitable remedy appropriate here. Instead, Plaintiff concluded her brief with a request for "make-whole relief in the form of either surcharge or restitution" against the breaching fiduciaries in the case. (ECF No. 60 at 9.) Defendants' argument regarding plan reformation is accordingly moot.

## CONCLUSION

In sum, I conclude that in light of *Amara*, in this case Plaintiff is entitled to either surcharge or restitution against GALCO and the Plan as a remedy for the breach of fiduciary duty. Plaintiff

5

will of course not be allowed to recover twice but the breach of fiduciary duty is an alternate ground (to her claim of equitable estoppel) under which she is entitled to relief. Plaintiff's motion for summary judgment as to both claims is therefore granted. Judgment in favor of Plaintiff and against Defendants GALCO and the Plan for the policy amount of $103,000, less the unpaid premiums. The parties shall advise the Court as to the precise amount of the judgment within the next ten days so that the Clerk can enter judgment accordingly. If they are unable to agree, the Clerk is instructed to place the matter on the Court's calendar for further proceedings. Plaintiff is also entitled to costs to be taxed by the Clerk and attorneys fees which shall be assessed separately. Fed. R. Civ. P. 54(d)(2).

Dated this   31st   day of May, 2012.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

6

Case 1:10-cv-01072-WCG   Filed 06/01/12   Page 6 of 6   Document 63