UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUSAN KAYE WINKELSPECHT,

    Plaintiff,

    v.                                           Case No. 10-C-1072

GUSTAVE A. LARSON COMPANY,
UNUM LIFE INSURANCE COMPANY
OF AMERICA, and GUSTAVE A. LARSON
CO. PLAN,

    Defendants.

---

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

---

Plaintiff Susan Kaye Winkelspecht has moved for attorney's fees, costs, and prejudgment interest (ECF No. 66), following this Court's grant of summary judgment on her estoppel claim and on her breach of fiduciary duty claim in this ERISA action against Defendants Gustave A. Larson Company (GALCO) and the Gustave A. Larson Co. Plan (the Plan). (ECF Nos. 57, 63.) Defendants have no objection to the reimbursement of costs but oppose Plaintiff's requests for attorney fees and prejudgment interest. (ECF No. 73 at 1.) For the reasons discussed herein, Plaintiff's motion will be granted.

At the outset, I note that in granting Plaintiff's motion for summary judgment on her claim for breach of fiduciary duty, I stated that attorney's fees would be assessed separately. (June 1, 2012 Order, ECF No. 63, at 6.) Plaintiff infers from this that I have already determined that she is entitled to attorney's fees and all that remains is to determine the amount. Unfortunately for her, that is not the case. The order should have said attorney's fees will be addressed separately. The mere fact

that Plaintiff prevailed is not enough to support an award of attorney's fees in an ERISA case. A more detailed analysis is required.

District courts have discretion to award reasonable attorney's fees and costs to either party in actions brought under Section 502. 29 U.S.C. § 1132(g)(1). Plaintiffs who have obtained some degree of success in the litigation are eligible for consideration of the grant of a fee award, and such parties enjoy "a modest presumption" that attorney's fees should be awarded. *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000). That modest presumption is rebuttable, however. *Id.* The Seventh Circuit has recognized two tests for analyzing whether attorney's fees should be awarded to a party in an ERISA case. The first test looks at the following five factors:

> 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions.

*Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998) (citations omitted). The second test looks to whether or not the losing party's position was "substantially justified." *Id.* (citations omitted). As the Seventh Circuit has summarized:

> [B]oth tests essentially ask the same question: 'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?' A five-factor test may inform the court's analysis, but 'the factors in the test are used to structure or implement, rather than to contradict, the 'substantially justified' standard . . . as the 'bottom-line' question to be answered. In determining whether the losing party's position was 'substantially justified,' the Supreme Court has stated that a party's position is 'justified to a degree that could satisfy a reasonable person.'

*Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 505–506 (7th Cir. 2011) (citations omitted).

To the extent GALCO reads this language as requiring an express finding that it acted in bad faith and with intent to harass Ms. Winkelspecht before fees can be awarded, it is mistaken. While such findings would undoubtedly support an ERISA fee award, they are not required. Finding that a party was acting in bad faith with intent to harass would support an award of fees in any case as "courts have inherent authority to award attorney's fees as a sanction for conducting litigation in bad faith." *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 671 (7th Cir. 2007), *overruled on other grounds*, *Hardt v. Reliance Standard Life Ins. Co.*, —— U.S. ——, 130 S.Ct. 2149 (2010). To hold that ERISA's fee shifting provision requires such a finding would therefore make the provision redundant. Instead, the Court has held that, distilled to their essence, these numerous factors are directed at answering the question of whether the losing party's position was substantially justified, that is, justified to a degree that could satisfy a reasonable person. *Sullivan*, 504 F.3d at 672.

Under this standard, I conclude that Plaintiff's request for fees should be granted. I agree with Plaintiff that GALCO's exhaustion of remedies defense lacked substantial justification. As was noted in the initial decision granting Plaintiff's motion for summary judgment, the decision to require exhaustion as a prerequisite to bringing suit under ERISA is a matter within the discretion of the trial court. (March 8, 2012 Order, ECF No. 57, at 8.) (citing *Salus v. GTE Directories Serv. Corp.*, 104 F.3d 131, 138 (7th Cir. 1997)). In this case, it was clear early on that Plaintiff's late husband had no policy with UNUM and, more importantly, neither GALCO nor UNUM told her that she was required to file a claim with the insurer, despite her daughter's inquiries as to whether a policy existed and what steps her mother needed to take to collect on it. To argue that her case should be dismissed because Plaintiff failed to exhaust administrative remedies that no one told her about and that would have been futile in any event made no sense.

Of course, failure to exhaust was not GALCO's only defense to Plaintiff's claims. GALCO also argued that Plaintiff's estoppel claim failed as a matter of law. GALCO argues that even though it rejected its argument that intent to deceive was an essential element of a claim for estoppel, the Court acknowledged that the Seventh Circuit decisions on the issue were somewhat ambiguous. But while there is less clarity than most would like in this area of law, there were still cases that reasonably should have indicated to GALCO that Plaintiff's claim had merit. *See, e.g., Miller v. Taylor Insulation Co.*, 39 F.3d 755 (7th Cir. 1994); *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574 (7th Cir. 2000); and *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452 (7th Cir. 2010). The Court had long held that estoppel was available in ERISA cases to plan participants who had relied on written advise from plan representatives to their detriment. *See Black v. TIC Inv. Corp.*, 900 F.2d 112, 115 (7th Cir. 1990) ("We hold, therefore, that estoppel principles are applicable to claims for benefits under unfunded single-employer welfare benefit plans under ERISA.").

It is true that the Seventh Circuit has not allowed estoppel claims to proceed where the claimant alleges reliance on misleading verbal representations even though the written material provided is clear and unambiguous. *Frahm v. Equitable Life Assurance Soc'y of the U.S.*, 137 F.3d 955, 961 (7th Cir. 1998), *cert. denied*, 525 U.S. 817, 119 S.Ct. 55, 142 L.Ed.2d 43 (1998) (rejecting claim that "bad advice delivered verbally entitles plan participants to whatever the oral statement promised, when written documents provide accurate information"). The concern expressed by the Court has been over the effect estoppel claims could have on the actuarial soundness of pension plans which are funded and have strict vesting and accrual requirements. *Black*, 900 F.2d at 115. The Seventh Circuit has also expressed concern over the use of estoppel to "dilute the rule forbidding oral modifications to an ERISA plan." *Bowerman*, 226 F.3d at 586. But the Seventh

4

Circuit has long applied estoppel principles when countervailing ERISA principles would not be impeded and "one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation." *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 811 (7th Cir.), cert. denied, 531 U.S. 827, 121 S.Ct. 76 (2000).

Here, it was clear that neither concern was at issue. The life insurance was part of a welfare benefit plan offered under a group policy provided by a third party insurer. Granting relief would have no effect on the actuarial soundness of any plan funded by the employer, especially since the employer had received what can only be viewed as a windfall on the $400,000 policy of insurance it continued to maintain on Mr. Winkelspecht's life after he retired. And as I pointed out in my initial decision granting Plaintiff's motion for summary judgment on her estoppel claim, the claim of estoppel in this case did not seek to modify the clear and unambiguous language of the plan:

> the representation made by GALCO's benefit specialist went not to the meaning of the SPD; it went to action the company was going to take with respect to Mr. Winkelspecht's apparent request to continue his coverage under the Unum policy. By telling Mr. Winkelspecht that his Unum coverage would remain in effect and the company would continue to pay the premium, Ms. Raebel was not providing an interpretation of the policy; she was assuring him of GALCO's intent.

(March 8, 2012 Decision and Order, ECF No. 57, at 9.)

Thus, even though estoppel is not favored in ERISA cases, it has long been clear that at least under the circumstances presented here, it is available as a form of relief to avoid injustice that would otherwise result. I therefore conclude that the position taken by GALCO and the Plan in this case was not "substantially justified" and accordingly Plaintiff has satisfied the burden for her entitlement to attorney fees.

5

Reference to some of the specific factors cited above also suggests a fee award is warranted. For instance, with respect to the second factor, there is no indication GALCO cannot satisfy such an award; in fact, GALCO collected a $400,000 death benefit from Northwestern Mutual Life upon Mr. Winkelspecht's death, even though he had retired from the company eighteen months earlier. The third factor, whether or not an award of attorney's fees would deter other persons acting under similar circumstances, also favors the Plaintiff. As the Seventh Circuit urged in *Kenseth v. Dean Health Plan, Inc.*, a Plan fiduciary must use reasonable caution in hiring and training employees who will answer benefit questions posed by participants or beneficiaries. 610 F.3d at 471–72. Awarding fees here is similarly consistent with a fundamental purpose of ERISA: "to protect employees who have been promised retirement benefits from employers who seek to avoid their responsibilities to pay such benefits." *Central States v. SCOFBP*, No. 10-3633, slip op. at 13 (7th Cir. Dec. 27, 2011). Finally, with respect to the fifth factor, as stated above, the positions advanced by the Plan and GALCO were without merit, overreaching, and against clear precedent set by the Seventh Circuit.

Having concluded an award of attorney's fees is appropriate in this case, I now turn to the arguments over the appropriate amount. Plaintiff submits that the appropriate judgment amount would be $97,969.48 in expected life insurance benefits, $103,760.00 in attorneys' fees, $2,212.70 in costs and expenses, and prejudgment interest. (ECF No. 66 at 17.) Defendants do not challenge the hourly rates submitted by Plaintiff's attorneys but contend the requested hours are unreasonable in other respects. (ECF No. 73 at 5.) Specifically, Defendants indicate the hours Plaintiff spent on the Complaint and Amended Complaint were excessive, that the time she pursued claims against UNUM was not reasonably necessary, that the fees incurred through excessive conferences were

6

unreasonable, that Mr. Olson did not act as an attorney in the matter, and that several other time entries were excessive and unreasonable. (*Id.* at 5–10.) Defendants contend that Plaintiff's request for attorney's fees should be reduced accordingly.

After considering Plaintiff's reply, I find Defendants' arguments are unconvincing on the whole. The original and amended complaints were both fact-intensive, specific documents with references to numerous exhibits, and in fact, in other motion practice before this Court Defendants have tried to argue the reverse — that Plaintiff should have spent *more* time on the complaint and that Plaintiff waived her right to a remedy under ERISA § 502 (a)(3) because she did not specifically cite to 29 U.S.C. §1132(a)(3) in her complaints. Defendants also suggest Plaintiffs' attorneys have submitted duplicative work, but Attorneys Taylor and Gillis have submitted sworn declarations swearing no counsel is seeking an attorney fee for such a thing. (Taylor Aff., ECF No. 67; Gillis Aff., ECF No. 68.) Defendants further suggest Plaintiffs should not be awarded for any of the UNUM work but fail to identify which specific tasks relate solely to UNUM. Furthermore, the claims were relatively intertwined. The Court did indeed conclude UNUM was not liable but that determination was based on UNUM's relationship to the parties, not on a unique set of individual facts making it a wholly distinct claim in this suit. Accordingly, based on these facts, I do not think a reduction based on time spent on UNUM is appropriate. Defendants' argument that Mr. Olson did not act as an attorney is similarly without merit. A review of his affidavit indicates Mr. Olson performed the initial search and review of the voluminous computerized discovery obtained through the ESI discovery requests, and provided consultation regarding further discovery. (Olson Aff., ECF No. 69 ¶ 6.) Viewed as attorney's fees or as a consultant expense, the amount

7

incurred is reasonable. Defendants' attempts to reduce Plaintiff's stated attorney's fees are therefore without merit.

Plaintiff has also requested pre-judgment interest on the amount GALCO was ordered to pay. Defendants suggest Plaintiff's request for prejudgment interest should be denied or at the very least reduced. I do not agree. In ERISA cases there is a presumption in favor of prejudgment interest. *Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co.*, 896 F.2d 228 (7th Cir. 1990); *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 696 (7th Cir. 1991). "Whether to award prejudgment interest to an ERISA plaintiff is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *Trustmark Life Ins. Co. v. Univ. of Chicago Hosp.*, 207 F.3d 876, 885 (7th Cir. 2000) (citations omitted). Here there are sound reasons to award Plaintiff prejudgment interest. The fact that Plaintiff's attorneys needed additional time to file an amended complaint and the deadline for filing dispositive motions was extended at their request does not justify reducing the interest. It is not unusual to have delays in litigation, and regardless of the reason, GALCO retained the benefit of its money throughout the period the claim was pending. Considering the time-value at issue, I am satisfied that interest for the entire prejudgment period is appropriate. Moreover, Plaintiff alleges the loss of use of the benefits during the course of the past two years has resulted in financial difficulty. (ECF No. 66 at 15.) I therefore agree that Plaintiff is entitled to prejudgment interest.

As Plaintiff notes, the current prime rate is 3.25%, a historical low. Defendants have not proposed another rate and Plaintiff's rate is reasonable. It will therefore be adopted. The Clerk is therefore directed to enter an amended judgment adding pre-judgment interest of $8,292.72 ($8.72 per day x 951 days since November 27, 2009, which is when payment was due per Wis. Stat.

8

Case 1:10-cv-01072-WCG   Filed 07/05/12   Page 8 of 9   Document 75

§ 628.46) to the $97,969.48 previously awarded for a total award of $106,262.20. The amended judgment shall also included costs of $2,212.70, which are not disputed, and attorney's fees of $103,760.00.

**SO ORDERED** this __5th__ day of July, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge

9

Case 1:10-cv-01072-WCG   Filed 07/05/12   Page 9 of 9   Document 75